IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOUGLAS STEPHENSON, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 2:18-cv-1329 |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Patricia L. Dodge |
| ROBERT GILMORE, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM ORDER

Douglas E. Stephenson ("Petitioner") is a state prisoner confined at the State Correctional Institution Greene. He has filed with this Court a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 within which he challenges the judgment of sentence imposed by the Court of Common Pleas of Allegheny County on November 7, 2011, on his convictions of second-degree murder, robbery, and conspiracy. His total aggregate sentence is a term of life plus six to 12 years imprisonment. Respondents have filed their Answer (ECF No. 13) and the state court record. Petitioner has filed his Reply (ECF No. 19), which he recently supplemented (ECF No. 22). Petitioner attached to his Petition 135 pages of exhibits, and over 800 pages of exhibits to his Reply and supplement.

Petitioner recently filed a Request for Bail. (ECF No. 25). In support, he cites Rule 23(b) of the Federal Rules of Appellate Procedure, which sets forth the circumstances in which a federal court may grant a petitioner bail when a decision denying his habeas petition is under federal appellate review. His reliance upon Rule 23(b) is misplaced because it does not apply in this circumstance, where Petitioner's § 2254 habeas case is before the district court. "There is no federal statute or court rule that addresses the district court's authority to grant a state prisoner bail during the pendency of federal habeas corpus proceedings." Brian R. Means, FEDERAL

HABEAS MANUAL § 8:78, Westlaw (database updated May 2019). The United States Court of Appeals for the Third Circuit has held that bail pending a district court's review of a habeas petition is available "'only when the petitioner has raised substantial constitutional claims upon which he has a high probability of success, and also when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective.'" Landano v. Rafferty, 970 F.2d 1230, 1239 (3d Cir. 1992) (quoting Calley v. Callaway, 496 F.2d 701, 702 (5th Cir. 1974)). "This standard 'reflects the recognition that a preliminary grant of bail is an exceptional form of relief in a habeas corpus proceeding.'" Id. (quoting Lucas v. Hadden, 790 F.2d 365, 367 (3d Cir. 1986)). Petitioner has not demonstrated that he has a high probability of success and that extraordinary or exceptional circumstances are present in this case. Therefore, his request for bail is denied.

Petitioner also recently filed a Preliminary Discovery Request. (ECF No. 24). "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). See also Harris v. Nelson, 394 U.S. 286, 300 (1969) ("broad-ranging preliminary inquiry is neither necessary nor appropriate in the context of a habeas corpus proceeding."). Discovery is authorized in Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts only by leave of court upon a showing by the petitioner of "good cause," which may be made "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is...entitled to relief[.]" Harris, 394 U.S. at 300. See also Bracy, 520 U.S. at 908-09. The "burden rests upon the petitioner to demonstrate that the sought-after information is pertinent and that there is good cause for its production." Williams v. Beard, 637 F.3d 195, 209 (3d Cir. 2011). "[B]ald assertions and conclusory allegations do not provide

sufficient ground to warrant requiring the state to respond to discovery or to require an evidentiary hearing." Zettlemoyer v. Fulcomer, 923 F.2d 284, 301 (3d Cir. 1991).

Additionally, Rule 6 does not authorize what is commonly referred to as "fishing expeditions" and it is not enough for a petitioner to speculate that the discovery he seeks might yield information that would support one of his claims or that it would give support to a new claim. See, e.g., Deputy v. Taylor, 19 3d 1485, 1493 (3d Cir. 1994) (quoting with approval Munoz v. Keane, 777 F. Supp. 282, 287 (S.D.N.Y. 1991), which explained: "petitioners are not entitled to go on a fishing expedition through the government's files in hopes of finding some damaging evidence"); Williams, 637 F.3d at 210-11 (the petitioner's discovery request "amounts to an entreaty to engage in a fishing expedition. The law is clear, however, that such speculative discovery requests should be rejected."). Petitioner has not demonstrated the required "good cause" for discovery and, therefore, his Preliminary Discovery Request is denied.

Based upon the foregoing, Petitioner's Request for Bail (ECF No. 25) and his Preliminary Discovery Request (ECF No. 24) are DENIED.

Dated: September 13, 2019

/s/ Patricia L. Dodge
PATRICIA L. DODGE
United States Magistrate Judge

3