# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOUGLAS STEPHENSON, | ) |
| | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 18-1329 |
| | ) |
| ROBERT GILMORE, et al., | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM OPINION and ORDER

Douglas Stephenson (Petitioner) has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his state court convictions for second-degree (felony) murder, robbery, and conspiracy to commit robbery. ECF No. 6. The case was referred to Magistrate Judge Patricia L. Dodge in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Civil Rules 72.C and D. Magistrate Judge Dodge issued a Report and Recommendation, ECF No. 35, filed February 23, 2021, recommending that the Petition for Writ of Habeas Corpus be denied and that a certificate of appealability be denied. Petitioner timely filed Objections on March 15, 2021. ECF No. 37. As explained below, the Court finds that Plaintiff's Objections do not undermine the recommendation of the Magistrate Judge.

### Discussion

The factual background and extensive procedural background of this case is presented at length in the Magistrate Judge's Report and will not be repeated here. ECF No. 35, at 2-14. As explained by the Magistrate Judge, Petitioner raised ten claims set forth in his Petition, attachments to his Petition, his attached pro se PCRA petition, and in his attached counseled amended PCRA petition. ECF No. 35, at 2.

## Claim 1

In Claim 1, which was raised in his direct appeal to the Superior Court of Pennsylvania, Petitioner asserted that the jury's verdict was against the weight of the evidence. The Magistrate Judge recommended that the Court deny Claim 1 because it is a state-law claim that is not cognizable under § 2254. Petitioner claims that the Magistrate Judge failed to review his claim "in its whole body of work," the focus of which is Petitioner's claim that the "prosecution did introduce insufficient evidence to support the Jury's verdict, violating Petitioner's Sixth (6) Amendment rights." ECF No. 37, at 4. The remainder of his argument is recounting how his counsel were ineffective at various stages of the proceeding, thus providing cause for any procedural default. ECF No. 37, at 5-8. Petitioner's attempt to transform his claim from the state law claim actually asserted - that the verdict was against the weight of the evidence - into a due process claim that that the prosecution introduced insufficient evidence to support the jury's verdict fails. This is not the claim he raised to the Superior Court in his Petition. In any event, there is no merit to a claim that the prosecution introduced insufficient evidence to support the jury's verdict, as it is clear that the evidence submitted was sufficient to support the jury's verdict.

## Claims 2, 6, and 7

In Claims 2 and 6, Petitioner contends that trial counsel was ineffective for not objecting to the admission of his co-defendant's taped statement on the grounds that it violated his rights under the Confrontation Clause, and trial counsel was ineffective for not objecting to references to the photo arrays and fingerprint comparisons because the jury could have inferred from that evidence that he was previously involved in criminal activity. In Claim 7 Petitioner contends that direct appeal counsel was ineffective for failing to raise the claim that the trial court erred in

permitting, over the defense's objection, the admission of a witness's preliminary hearing testimony. The Magistrate Judge found that Claims 2, 6 and 7 are procedurally defaulted and that there are no grounds that would allow Petitioner to avoid the default. Petitioner's Objections do not undermine the Magistrate Judge's recommendations.

**Claim 3**

In Claim 3, Petitioner asserts trial counsel was ineffective for failing to object to a jury instruction that the jurors could consider prior inconsistent statements as both substantive and impeachment evidence. He also asserts counsel's ineffectiveness for not insisting that that the jury be instructed that it could only consider prior inconsistent statements introduced through law enforcement's testimony solely for impeachment purposes. As noted by the Magistrate Judge, the PCRA court denied Claim 3 on the merits, determining that Petitioner failed to demonstrate that he was prejudiced by trial counsel's alleged ineffectiveness. The PCRA Court applied Strickland v. Washington, 466 U.S. 668 (1984), to its evaluation of Claim 3. The Magistrate Judge correctly concluded that the PCRA Court's application of Strickland was not objectively unreasonable; that is, the analysis was not "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." ECF No. 35, at 28 (quoting Harrington v. Richter, 562 U.S. 86, 103 (2011)). Accordingly, Petitioner's Objection is overruled.

**Claim 4**

In Claim 4, Petitioner asserts that trial counsel was ineffective for failing to object when the trial court sent a note to the jury in response to a jury question. Petitioner contends the note amounted to an improper written jury instruction in violation of Rule 646(C)(4) of the

3

Pennsylvania Rules of Criminal Procedure. The Superior Court found that there was no violation of Rule 646(C)(4), therefore counsel was not ineffective for failing to object to the jury note. The Magistrate Judge thus correctly concluded that the Superior Court's adjudication of Claim 4 was not contrary to, or an unreasonable application of, Strickland. Accordingly, Petitioner's Objection to Claim 4 is overruled.

**Claim 5**

As to Claim 5, which is a challenge that the sentencing court incorrectly failed to merge his conspiracy to commit robbery sentence with his second-degree murder conviction ,in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000). Petitioner's Objection does not undermine the Magistrate Judge's conclusion that the state court's decision was not contrary to or an unreasonable application of Apprendi. Therefore, Petitioner's Objection to Claim 5 is overruled.

**Claims 8, 9 and 10**

Claims 8, 9 and 10, all assert ineffective assistance of trial counsel claims that were not presented in his PCRA petition.

In Claim 8, he argues that trial counsel was ineffective for failing to object to the prosecutor's statement in his closing argument that the jurors should not believe certain witnesses' trial testimony that they did not remember statements they made prior to trial. He argued that the prosecutor improperly vouched for the credibility of the prior statements. In resolving Claim 8, the Magistrate Judge reviewed the applicable law regarding a prosecutor improperly vouching for the credibility of a witness, in conjunction with the rule that prosecutorial misconduct on habeas review does not amount to a due process violation unless the remarks "so infected the trial with unfairness as to make the resulting conviction a denial of due

process." Darden v. Wainwright, 477 U.S. 168, 180-81 (1986). The Magistrate Judge concluded:

> Petitioner has not established that the prosecutor's arguments were improper. They were premised upon evidence introduced at the trial, and he did not give the jury assurances based on personal knowledge or other information that was not before it. Therefore, trial counsel was not ineffective for failing to raise a meritless objection to the prosecutor's argument. Alternatively, Petitioner has not demonstrated that he was prejudiced because he has not shown that, but for trial counsel's failure to object to the prosecutor's arguments, there is a reasonable probability that the outcome of his trial would have been different.

ECF No. 35, at 35. The Court agrees with the Magistrate Judge's conclusion and overrules Petitioner's Objection to Claim 8.

In Claim 9, Petitioner argues that trial counsel was ineffective for failing to object to a jury instruction regarding evidence tending to show that Petitioner fled or concealed himself and that such evidence tends to prove the person is conscious of guilt. The Court agrees with the Magistrate Judge's conclusion that there was a permissible basis for the trial court to give the flight or concealment instruction, and that trial counsel was not ineffective for failing to object to the instruction. In addition, Petitioner has not established that there is a reasonable probability that the outcome of his trial would have been different had trial counsel objected to the instruction. Because he was not prejudiced by trial counsel's alleged deficient performance, Petitioner's Objection to Claim 9 is overruled.

In Claim 10, raised for the first time in Petitioner's Habeas Petition, he argues that trial counsel was ineffective for failing to object to the jury instruction given on accomplice liability, which he contends violated his due process rights. Petitioner argues that his case is similar to Bennett v. Superintendent Graterford SCI, 886 F.3d 268 (3d Cir. 2018), in which Bennet was convicted of first-degree murder, a crime that required the Commonwealth to prove beyond a reasonable doubt that *Bennet* had the specific intent to kill, and thus he could not be convicted of

5

first-degree murder based on accomplice liability alone. In Bennett, the instructions as a whole were determined to leave open the possibility that an accomplice or conspirator to one crime is guilty of first-degree murder despite having no specific intent to kill. In that case, Bennet demonstrated that there was a reasonable likelihood that the jury instructions relieved the Commonwealth of its burden of proving beyond a reasonable doubt the specific-intent-to-kill element of first-degree murder as to Bennet. Here, however, the Commonwealth was not required to prove, and did not attempt to prove, that Petitioner acted with the specific intent to kill the victim. Therefore, there being no basis to conclude that trial counsel was ineffective for failing to object to the instructions, and no basis to conclude that Petitioner was prejudiced by the instructions, Petitioners' Objection to Claim 10 is overruled.

**ORDER**

After *de novo* review of the pleadings and the documents in the case, together with the Report and Recommendation, the following order is entered:

AND NOW, this 9th day of July 2021,

IT IS HEREBY ORDERED that Petitioner's Objections are overruled, Claims 1 through 10 are denied, and the Petition is DENIED.

IT IS FURTHER ORDERED that the Report and Recommendation, ECF No. 35, filed on February 23, 2021, by Magistrate Judge Dodge, is adopted as the Opinion of the Court as supplemented by this Memorandum Opinion. A certificate of appealability is DENIED, as jurists of reason would not disagree with the analysis of the Report.

IT IS FURTHER ORDERED that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if the petitioner desires to appeal from this Order he must do so within thirty days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P.

_____
Marilyn J. Horan
United States District Court Judge

cc: Douglas Stephenson, pro se
     KG-4514
     SCI Greene
     169 Progress Drive
     Waynesburg, PA 15370
     (via U.S. First Class Mail)

     All Counsel of Record via ECF